IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:20-cr-50 |
| v. | ) |
| | ) Re: ECF Nos. 71, 73 |
| JOSEPH RUSSELL WAYNE, JR., | ) |
| Defendant. | ) |

OPINION

Presently pending before this Court are a motion for notice pursuant to FRE 404(b) and 609 [ECF No. 71] and a motion for discovery [ECF No. 73]. The United States has filed oppositions to the motions. ECF No. 77; ECF No. 78. No reply has been filed.

**Background**

Joseph Russell Wayne, Jr. is charged with possession of a firearm in furtherance of a drug trafficking crime; possession with intent to distribute a controlled substance; and possession of a firearm by an unlawful user of a controlled substance. ECF No. 15.

On November 16, 2020, law enforcement obtained a search warrant for 721 East 7th Street, Erie, Pennsylvania 16503, the known residence of Mr. Wayne. The basis of the probable cause to support the warrant consisted of controlled buys from Mr. Wayne at this address.

The next day, the search warrant was executed. Mr. Wayne, the only occupant of the home, was found sleeping on a couch in the living room. During the search, cash totaling $372,000.00 was found in a cooler next to the couch where Mr. Wayne was sleeping. On top of

1

the cooler, police found approximately two pounds of marijuana and a semi-automatic handgun. A second semi-automatic firearm were located in the dining room and additional bags of marijuana and other drugs were found in other areas of the home.

Mr. Wayne was *Mirandized* and interviewed. Mr. Wayne acknowledged that he was selling drugs, he was an unlawful user of controlled substances, he was the owner of the two recovered firearms, and the cash was the proceeds of drug sales.

On December 1, 2020, a federal grand jury indicted Mr. Wayne. He was charged with: (I) Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)A)(i); (II) Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(D); and (III) Prohibited Person in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(3). The Indictment relates only to the evidence seized as a result of the search warrant.

On December 10, 2020, Mr. Wayne was arraigned and pled not guilty. The same day, the United States provided Mr. Wayne with the following discovery:

- The search warrant and affidavit for 721 East 7th Street;
- The search warrant and affidavit for the seizure of Mr. Wayne's PNC bank account;
- The criminal complaint and affidavit;
- The signed "Advice of Rights" form; and
- Mr. Wayne's prior criminal record.

On February 4, 2021, the United States provided Mr. Wayne with the police report prepared by the Pennsylvania State Police regarding the execution of the search warrant and the interview of Mr. Wayne. And, on March 29, 2022, the United States provided two video recordings of controlled buys from Mr. Wayne in October 2020.

**Motion for Notice Pursuant to FRE 404(b) and 609**

Mr. Wayne seeks notice of evidence of any crime, wrong, or act other than the alleged offenses that the Government intends to use at trial.

Federal Rule of Evidence 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed.R.Evid. 404(b)(1). However, such evidence of prior bad acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Rule 404 provides that a prosecutor must:

> (A) Provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>
> (B) Articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>
> (C) Do so in writing before trial – or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3).

The purpose of this pretrial notice requirement is to "reduce surprise and promote early resolution on the issue of admissibility." *United States v. Eddings*, 2021 WL 5280929, at * 4 (W.D. 2021) *quoting United States v. Stanko*, 2021 WL 2349392, at * 15 (W.D. Pa. 2021). What constitutes "reasonable notice" depends on "the circumstances and complexity of the prosecution." *United States v. Searcy*, 2020 WL 7066335, at * 10 (W.D. Pa. 2020) *quoting United States v. Johnson*, 218 F.Supp. 3d 454, 462 (W.D. Pa. 2016). As for Rule 609, this rule requires that the Government provide notice to a defendant of its intent to use a conviction older

than ten years as impeachment evidence with enough time so "that the party has a fair opportunity to contest its use." Fed.R.Evid. 609(b)(2).

This Court is not inclined to order the Government to provide the requested information this far in advance of trial. Trial has not been scheduled. The Government has acknowledged its obligation and indicated its intent to fully comply with the requirements of both evidentiary rules. Moreover, the Court's pretrial scheduling order will address the appropriate timeline for disclosure under the Rules.[1] Accordingly, Mr. Wayne's motion will be denied without prejudice.

**Motion for Discovery**

In his motion for discovery, Mr. Wayne requests a laundry list of evidentiary items through early discovery. *See* ECF No. 73-3 (Attachment A); 81 (Errata – Attachment B). However, his brief focuses on one particular item – audio and video recordings of the controlled drug buys that formed the basis for the warrant to search his home.

The Government reports that it has produced video of two controlled buys wherein a confidential informant purchased controlled substances from Mr. Wayne. The Government contends that in order to protect the identity of the confidential informant, audio was removed from the recording. It is this information that Mr. Wayne argues he needs because it concerns core issues in the case. The Government asserts the confidential informant privilege.

The confidential informant privilege allows the government to withhold from disclosure the identity of persons who provide information to law enforcement. *United States v. Rivera*, 524 Fed. App'x 821, 826 (3d Cir. 2013) *quoting Rovario v. United States*, 353 U.S. 53, 59 (1957).

---

[1] Nothing in this Opinion prohibits the parties from entering into a joint stipulation as to the dates upon which this notice will be provided.

4

The privilege may be overcome if the movant shows: "(1) that the informant's possible testimony is highly relevant; (2) that the informant's testimony might disclose an entrapment; (3) that the informant's testimony might cast doubt on the defendant's identity; or (4) that the informant was the sole participant, other than the accused, in the transaction charged." *United States v. Watson*, 2020 WL 7074623, at * 8 (W.D. Pa. 2020) *citing United States v. Jiles*, 658 F.2d 194, 198-99 (3d Cir. 1981). Mr. Wayne has made no argument in this regard and so has not overcome the Government's assertion of privilege.

As to the remainder of Mr. Wayne's laundry list of requested items, this Court is satisfied with the Government's explanation that it has provided much of the requested discovery and agrees with the Government's position that many other requests are premature. Accordingly, the motion for discovery will be denied without prejudice.

An appropriate Order follows.